NO NAME GIVEN EDDIE, a.k.a.
Eddie Fnu, Petitioner,

v.

Eric H. HOLDER, Jr.,[1] U.S. Attorney
General, Respondent.

No. 08–5763–ag.

United States Court of Appeals,
Second Circuit.

July 21, 2009.

H. Raymond Fasano, New York, NY, for
petitioner.

Tony West, Assistant Attorney General,
Mary Jane Candaux, Assistant Director,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

John S. Hogan, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner "Eddie," who apparently declined to give his name to the agency, is a native and citizen of Indonesia. He seeks review of an October 31, 2008 order of the BIA affirming the February 21, 2007 decision of Immigration Judge ("IJ") Sandy Hom, pretermitting his asylum application and denying his application for withholding of removal. *In re Eddie*, No. A096 265 233 (B.I.A. Oct. 31, 2008), *aff'g* No. A096 265 233 (Immig. Ct. N.Y. City Feb. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

 Before this Court, Eddie only challenges the agency's denial of his with-holding of removal claim.[2] Moreover, he does not challenge the agency's finding that he failed to demonstrate that he suffered past persecution, thus waiving any such argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

 We find that the record supports the agency's determination that Eddie failed to demonstrate that he will more likely than not be persecuted if returned to Indonesia. *See* 8 C.F.R. § 1208.16(b). Absent a showing of past persecution, Eddie was not entitled to any presumption of a likelihood of future persecution. *See* 8 C.F.R. § 1208.16(b)(1). Moreover, the agency's analysis of his pattern or practice claim was proper. *See Matter of A–M–*, 23 I. & N. Dec. 737, 741 (BIA 2005); *Mufied v. Mukasey*, 508 F.3d 88, 93 (2d Cir.2007).[3] The agency also properly concluded that Eddie failed to demonstrate that it would be unreasonable for him to relocate to another part of Indonesia. *See* 8 C.F.R. § 1208.13(b)(2)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

2. Because Eddie failed to challenge the agency's pretermission of his asylum application, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

3. In *Mufied*, we granted the petition for review where the BIA failed to consider the petitioner's pattern or practice claim. 508 F.3d at 93. Here, to the contrary, the agency considered Eddie's claim and properly rejected it.